**ORDERED in the Southern District of Florida on June 29, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

CARLOS CARDENAS AND
MARGARITA MIRALLES,

Case No. 11-33915-BKC-AJC
Chapter 13

Debtors.
______________________________/

**MEMORANDUM DECISION GRANTING DEBTORS' MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY WELLS FARGO BANK, NA FKA WACHOVIA BANK, NA., SECOND MORTGAGE [DE 35]**

THIS CAUSE CAME ON for evidentiary hearing on March 21, 2012, on the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property Held by Wells Fargo Bank, N.A. fka Wachovia Bank, N.A., Second Mortgage ("Motion") [DE 35]. During the hearing, the parties' respective Experts provided very disparate appraisals. The Court, having heard the testimony and reviewed the facts in the case, determines the value of the subject property located 639 West 14 Street, Hialeah, Florida

3310 to be $200,000.00 as of the bankruptcy petition date.

I. BACKGROUND

The Debtor commenced her Chapter 13 bankruptcy case on August 29, 2011. Debtor filed the underlying Motion on November 17, 2011 [DE 35] seeking a determination that Wells Fargo's second lien is fully unsecured and stripping the lien upon discharge. Wells Fargo filed its response on November 17, 2011 [DE 38], claiming that Wells Fargo's claim is partially or wholly secured.

On March 1, 2012, the Court entered an Order [DE 53] setting the Motion for evidentiary hearing on March 21, 2012 at 2:00p.m. Present at the hearing on March 21, 2012 were Gerard M. Kouri on behalf of Wells Fargo and Sandra Navarro Garcia on behalf of the Debtor. The Court has considered the Motion and heard arguments of counsel and testimony of each party's expert Appraiser and makes the following findings:

II. FINDINGS OF FACT

1. The subject property is located at 639 West 14 Street, Hialeah, Florida 3310 ("subject property").

2. The subject property is the principal residence of Debtor, Margarita Miralles.

3. Wells Fargo holds a second mortgage on the subject property.

4. The Debtor commenced her Chapter 13 bankruptcy case by filing a voluntary petition on August 29, 2011.

5. The applicable date to determine value and the creditor's secured status is August 29, 2011.

6. The second mortgage lender, Wells Fargo, filed Claim No. 11-2 on November 2, 2012 in the amount of $106,434.00.

7. The first mortgage lender, Ocwen, has not filed a proof of claim; however, the mortgage statement provided on or about the bankruptcy filing date provides a principal balance due of $104,124.55.

III. DISCUSSION

As is typical in lien stripping cases, the appraisers and their appraisals become the central focus of the contested matter. Because the two appraisals are so disparate, a brief discussion of each appraisal and the methods used by each appraiser is warranted to explain the disparate opinions.

Wells Fargo's Appraiser testified that the market value of the subject property as of August 29, 2011 was $225,000.00. He derived his market value by looking at three sales and two current listings, including income producing properties, like the subject property. All three sales were conventional sales and were not bank owned properties or short sales or foreclosure sales. The Court notes that Creditor's Appraiser reviewed properties listed on Multiple Listing Services ("MLS") as well as sales which had been recorded in the public records of Miami-Dade County on which Documentary Stamps were paid. Debtor's Expert considered only Real Estate Owned ("REO") sales, sales of bank-owned property, using MLS data; he did not include sales from the public records of the county.

In light of the declining market from the actual sales dates to the date of the petition, Creditor's appraisal included a -4.7% adjustment for time. Evid. Transcr. 64:7-10 (March 21, 2012). The Court finds that the adjustment used by the Expert was

appropriate and consistent with the Miami-Dade Property Appraiser's office published information. In addition, Creditor's Expert used all three approaches (income, sales comparable and cost) to determine the subject property's value.

On Creditor's Appraisal page 6 of 30, Creditor's Expert included two summaries of comparable properties. The first summary showed properties that were currently listed for sale, but had not yet sold. The second summary provided the comparable properties which were actually sold within the past twelve months. These properties are all located in the subject neighborhood. Creditor's Appraiser testified that coincidentally there were thirteen properties in both summary categories. The range of the thirteen properties currently listed for sale was from $70,000.00 to $449,000.00. The average of such range is $259,500.00. The range of thirteen properties which sold within the past twelve months was from $53,000.00 to $250,000. The average of such range is $151,500.00. Both averages are well in excess of the amount Debtor owes on her first mortgage.

Creditor's Expert included as Comparable 2, real property located at 1280 W 31st Street, Hialeah, FL, 33012 ("1280 W property"). The 1280 W property was a conventional sale dated May 18, 2011 with an unadjusted sale price of $250,000.00. Creditor's Appraiser made adjustments for the fact that such property had 430 square feet more building area than the subject property and that the rental units in the 1280 W property were two bedroom/one bath units and the subject property included one bedroom/one bath units. The 1280 W property was determined to have an adjusted sale price of $220,800.00. Debtor's Appraiser testified that he had independently researched the 1280 W property and had found a prior sale dated December 27, 2010 for $180,000.00. Evid. Transcr. 17:19 (March 21, 2012). Both the prior sale, as well as the

sale actually used in the appraisal indicate and support a market price for the subject real property that is substantially greater than the amount of the first mortgage on the subject property and would not permit lien stripping as a result.

Comparable 3 in Creditor's Expert's appraisal included real property located at 167 W 25th Street, Hialeah, FL, 33010 ("167 W property"). The 167 W property was a conventional sale dated November 26, 2010 with an unadjusted sale price of $235,000.00. The appraisal submitted by Wells Fargo made adjustments for the fact that such property had a fourth rental unit and an unenclosed patio, where the subject property had three rental units and an enclosed patio. Creditor's appraisal also reflected a negative time adjustment to compensate for the declining market in the area. The 167 W property was determined to have an adjusted sale price of $219,800.00.

Both Creditor's and Debtor's Experts included real property located at 66 W 31st Street, Hialeah, FL 33012 ("66 W property") as a comparable sale. The 66 W property was listed as Comparable 1 in Creditor's appraisal at Exhibit "A" and Comparable 3 in Debtor's appraisal at Exhibit "1". However, the methodology and information included in the appraisals are very different. For instance, the 66 W property had been sold in a conventional sale, more proximate in time to the petition date, but the Debtor's Appraiser chose not to use that sale and instead focused solely upon the REO sale of March 17, 2011.

The Court finds that the arms-length FHA sale dated July 11, 2011 which is closer in time to the date of filing the petition is a better indicator of the value of the subject property. In addition, the Court finds that with respect to the 66 W property, Debtor's Expert did not make any upward value adjustments for features which the subject

property possessed that the 66 W property did not have. These features include an enclosed patio; 362 square feet of building area and 1,650 square feet of site area. Debtor's Appraiser found that the adjusted sale price for the March 17, 2011 sale was $93,000.00. Creditor's Appraiser determined that the adjusted sale price for the July 11, 2011 sale of the 66 W property is $232,600.00.

Debtor's Appraiser testified that the value of the subject property as of August 29, 2011 was $95,000.00. He derived that value by looking at three sales. All three sales were REO sales. Debtor's Appraiser testified there were other non-REO sales within the last year in the surrounding area, but he did not include non-REO sales. Debtor's Appraiser considered only sales that were listed on the Multiple Listing Service, even in those instances when the property was later sold at a date closer in time to the Petition date in the instant case. Debtor's Appraiser excluded properties not listed on MLS, which excludes arms-length market sales recorded in the public records of Miami-Dade County on which Documentary Stamps were paid.

Debtor's appraisal included real property located at 50 W 24th Street, Hialeah, FL ("50 W property") as Comparable 1. The 50 W property was an REO sale dated July 4, 2011 with an unadjusted sale price of $105,000.00. Debtor's Appraiser made no adjustments as to this property although there were differences between it and the subject property.

The appraisal submitted by Debtor included real property located at 61 W 14st Street, Hialeah, FL ("61 W property") as Comparable 2. The 61 W property was an REO sale dated August 4, 2011 with an unadjusted sale price of $92,000.00. Creditor's Appraiser testified that he has done independent research on the property through MLS

and such property had severe termite damage including missing flooring on the second floor level and wood damage resulting in holes in the second floor flooring. Evid. Transcr. 75:2-9 (March 21, 2012). The 61 W property was also missing a kitchen and bathroom. *Id*. at 8-9. Debtor's Appraiser did not make any adjustments based on that information.

Testimony elicited from both Appraisers indicated that there were conventional, arms-length transactions available to utilize as comparable sales which were proximate in time and distance from the subject property. Debtor's appraisal did not, however, include any non-REO sales. In contrast, Creditor's Appraiser examined comparable properties which were close in proximity and distance from the subject property and included appropriate adjustments for time of sale and size differences between the comparables listed and subject property, but he did not consider any REO sales. The Court does not believe that analyzing only non-REO sales is the best indicator of market value. However, because the Creditor's Appraiser did not consider any REO sales, the Court believes that his appraisal lacks elements of the true market value in a declining real estate market.

It is market value which is the hallmark standard of value to be used in the Eleventh Circuit. Market value is, in essence, what a willing buyer and a willing seller negotiate in an arms-length transaction, with neither party acting under compulsion and both parties have knowledge of the material facts and circumstances of the transaction. Thus, while the Court finds it is inappropriate to focus solely on REO sales, when there is record market activity in a particular neighborhood such as the case with respect to subject real property, the Court also believes that REO sales should be considered to

determine the market value where the real estate market is in a declining posture.

Accordingly, the Court believes the market value of the subject property is less than the Creditor's appraisal of market value as of August 29, 2011, $225,000.00, but is certainly more than the Debtor's appraisal. Based on the foregoing, it is

ORDERED and ADJUDGED as follows:

1. Debtor's Motion to Value and Determine Secured Status of Lien on Real Property Held by Wells Fargo Bank, N.A. fka Wachovia Bank, N.A., Second Mortgage is GRANTED, in the manner more fully described herein.

2. The Court determines the value of the subject property was $200,000.00 at the date of filing the petition.

3. The Court finds there is equity to secure the second mortgage lien of Wells Fargo; and, Wells Fargo's lien is therefore not subject to being stripped.

###

Prepared and Submitted by:

Nicole M. Mariani, Esq.
Florida Bar No. 369883
Kass, Shuler, P.A.
P.O. Box 800
Tampa, FL 33601-0800
813-229-0900

Attorney Mariani is directed to serve copies of this Order upon all interested parties and file a Certificate of Service with this Court.